# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | | |
|---|---|---|
| Gladys Cave, | ) | Civil Action No.:  1:17-00192-JMC |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **COMPLAINT** |
| v. | ) | (*Jury Trial Requested*) |
| | ) | (42 U.S.C. § 1983) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

The Plaintiff, by and through her undersigned counsel, hereby brings the following claims against the Defendant United States of America through the Department of Health and Human Services, and set forth as grounds to the Complaint the following:

## PARTIES

1. The Plaintiff is a U.S. Citizen and resides in the County of Allendale in the State of South Carolina.

2. United States of America ("United States") is the Defendant per 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, et. seq., and 38 U.S.C. § 7316 as it delivers medical services through the Department of Health and Human Services and its employees at Low Country Health Systems, Inc. (the "Clinic") in the Town of Fairfax, South Carolina, and through its employees at its subsidiary, Barnwell Family Medicine, in Barnwell, South Carolina.

3. United States is the proper Party-Defendant in this action pursuant to the Federal Tort Claims Act ("FTCA") for a claim seeking money damages for personal injuries caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. 28

1

U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq. (collectively, the "FTCA"). Specifically, the Plaintiff's allegations of negligence herein are against Dr. Mol Ky (Ky) and other employees of Clinic that are federal employees, by and through the United States Department of Health and Human Services, a "federal agency," as defined in the FTCA.

## JURISDICTION AND VENUE

4. This action is brought against United States pursuant to the FTCA for the acts and omissions by its agents and/or employees arising out of medical services delivered to the Plaintiff who was a patient at the Clinic and or its subsidiary, Barnwell Family Practice This Court has jurisdiction over the matter pursuant to the FTCA.

5. The employees of the Clinic and its subsidiary, Barnwell Family Practice, specifically Ky, are employees of the government or were acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346 (b)(1), FTCA, and 38 U.S.C. §7365, and as such were acting within the scope of their employment.

6. At the times of the medical treatment described herein, Plaintiff was a resident of Barnwell County, South Carolina.

7. Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the Department of Health and Human Services on June 4, 2015 (Exhibit A).

8. On December 28, 2015, Department of Health and Human Services denied Plaintiff's claim. (Exhibit B).

9. On June 13, 2016, Plaintiff requested reconsideration of the decision denying her claim pursuant to 28 C.F.R. § 14.9. (Exhibit C).

10. On July 27, 2016, the Department of Health and Human Services denied Plaintiff's request for reconsideration and made a final determination on her claim. Plaintiff was further advised in that letter that she was entitled to file suit in Federal District Court within six months of the date their determination. (Exhibit D). This action is being brought pursuant to that directive.

11.     Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action, 28 U.S.C. §2675.

12.     Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402 because the acts and/or omissions complained of herein occurred in whole or in part in Allendale or Barnwell County, South Carolina, which are within the Aiken Division of the United States District Court for the District of South Carolina.

13.     Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e.*, the State of South Carolina), federal laws and regulations, patient's bill of rights, and other, where these acts and/or omissions occurred.  28 U.S.C. §1346; *Richards v. U.S.*, 369 U.S. 1. 11-13 (1962).

## FACTUAL ALLEGATIONS

14.     Plaintiff hereby re-alleges and reaffirms the above paragraphs as if fully set forth herein.

15.     Plaintiff has complied with all conditions precedent under the FTCA including, without limitation, compliance with all pre-suit notice of claim requirements.

16.     On September 7, 2012, Plaintiff was 64 years old when she presented to Barnwell Family Medicine and diagnosed with cellulitis confirmed by positive blood cultures for staphylococcus aureus. Upon information and belief, Plaintiff was prescribed Bactrim at this time by Dr. Dean T. Koukos.

17. Five days later, on September 12, 2012, Plaintiff returned to Barnwell Family Medicine with skin lesions on her left and right leg. More specifically, her wounds were described as diffuse popular eruption of bilateral arms, neck, and face with multiple circular erythematic bumps bullous lesions of breasts and bilateral upper thighs. Plaintiff was seen by Dr. Koukos during this visit. All information regarding Plaintiff's presentation at this time was fully documented in Barnwell Family Medicine records and was available to all medical and nursing staff at the time of the visit and thereafter.

18. Based on Dr. Koukos' assessment, he determined it would be best to transfer Plaintiff to Aiken Regional Medical Center's Emergency Department for IV antibiotics. While at Aiken Regional Medical Center, Plaintiff was diagnosed with "skin lesions with superficial infection" and ordered specifically to "stop taking Bactrim with Azithromycin" and to "only take Clindamycin." Plaintiff was then discharged with a prescription for Clindamycin.

19. The aforementioned records from Plaintiff's September 12, 2012 visit to Aiken Regional Medical Center documenting the physician's specific order to "stop taking Bactrim" (due to the documented adverse reaction she had to it) were available to Barnwell Family Medicine physicians and nursing staff at all times in the Plaintiff's chart.

20. On September 27, 2013, Plaintiff presented to Barnwell Family Medicine with symptoms of acute sinusitis. Plaintiff was treated by Dr. Mol Ky (Dr. Ky) who had access to all of Plaintiff's prior medical records at the time- to include her September12, 2012 records from Aiken Regional Medical Center. As such, Dr. Ky would have been privy to the order in Aiken Regional Medical Center records for Plaintiff to stop taking Bactrim as it was clearly considered a probable cause of the infection she suffered from a year earlier.

21. Instead, Dr. Ky ordered Plaintiff Bactrim for her sinusitis under the

4

pharmaceutical generic name sulfamethoxazole. Plaintiff subsequently received a prescription bottle for Sulfamethoxazole on September 27, 2013, and took the medicine as prescribed. The failure of Dr. Ky to review all of Plaintiff's prior medical records (to include the Aiken Regional Medical Center records from September 12, 2012) constituted a deviation from the acceptable standard of care. Dr. Ky's failure to do so resulted in her negligently prescribing Plaintiff a drug, Bactrim, that Plaintiff was allergic to and at high risk for developing Stephen Johnson Syndrome. It was grossly negligent for Dr. Ky not to review the Plaintiff's medical history (documented in her medical chart) and as a result prescribe her a medication that she was dangerously allergic.

22. As a result of the Plaintiff taking Bactrim on September 27, 2013 (per Dr. Ky's prescription) she immediately began to experience symptoms consistent with a severe allergic reaction that prompted an urgent return visit to Barnwell Family Medicine on September 30, 2013.

23. On September 30, 2013, Plaintiff was seen by Dr. Boyles and PA-C Erin Metcalf and diagnosed with an allergic reaction to Bactrim causing multiple large hyperpigmented bullous lesions of her left upper arm, left foot, bilateral inner thighs, and back. It was also noted that several of the lesions were broken and blistered at this time. Dr. Boyles' notes indicate his belief that Plaintiff had "erythema multiforme, likely from Bactrim." He ordered Plaintiff a Decadron injection and started her on Prednisone. The notes also state, "immunocaps in 2-3 weeks after resolution of erythema multiforme." Plaintiff was instructed to return in 3 days.

24. On October 3, 2013, Plaintiff returned to Barnwell Family Medicine after deteriorating for the past 48 hours. The day prior, October 2, 2013, Plaintiff had actually called Barnwell Family Medicine to request medication for all the pain she was in and was given a prescription for Ultracet. While in the office on October 3rd, Plaintiff

5

was treated by PA-C Erin Metcalf and Dr. Ky who noted Plaintiff now appeared to have bullous pemphigoid and needed to be transferred to Aiken's ED via EMS for further evaluation. Plaintiff was given an 8mg injection of Decadron in the office prior to her departure.

25.   Thereafter, Plaintiff presented to Aiken Regional Medical Center via EMS and *was diagnosed with Stephen Johnson Syndrome as a result of taking Bactrim*. Notes reflect that Plaintiff had a similar reaction to the Bactrim in the past. Due to the severity of Plaintiff's condition, Plaintiff required a transfer to Augusta's Wound Center and also treated at Aiken Neurosciences, PC, and Joseph M. Still Burn Center in Augusta for diagnoses of both Stephen Johnson Syndrome and TENS (toxic epidermal necrolysis syndrome).

26.   As a direct and proximate result of Barnwell Family Medicine and Dr. Ky's failure to recognize Plaintiff had an allergy to Bactrim (sulfa-based drug) as documented in her chart from September 12, 2012, Plaintiff was negligently prescribed Bactrim by Dr. Ky on September 27, 2013 which directly and proximately resulted in her developing Stephen Johnson Syndrome and TENS requiring extensive and costly medical care to treat.

27. Plaintiff has and will in the future experienced and incurred pain and suffering, permanent scarring, disfigurement, emotional distress, anxiety, depression, insomnia, medical bills and costs, as a direct and proximate result of Defendant through the negligent/grossly negligent acts and omissions of its employees, doctors, nurses, technicians, staff, agents, and ostensible agents.

28. All actions or omissions by doctors, nurses, technicians, agents, employees, staff, agents or ostensible agents of Defendant who attended to Plaintiff were

performed in the scope of their employment.

29. The expert opinions of Jay B. Krasner, MD is that the Defendant breached the acceptable standard of medcial care by and through Dr. Ky and Barnwell Family Medicine's treatment of her- namely prescribing her Bactrim. The Plaintiff was negligently prescribed Bactrim by Dr. Ky on September 27, 2013 which directly and proximately resulted in her developing Stephen Johnson Syndrome and TENS requiring extensive and costly medical care to treat. Dr. Krasner's expert opinion is attached hereto and incorporated herein by reference (Exhibit E).

30. The injuries and/or damages sustained by the Plaintiff are permanent in nature and will continue into the future thereby resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, loss of capacity of the enjoyment of life, and loss of earning capacity. In addition, the Plaintiff has incurred and will continue to incur expenses for hospitalization, treatment and medical care as well as other damages for which recovery is permitted.

## FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE/GROSS NEGLIGENCE CLAIM

31. Plaintiff hereby re-alleges and affirms the above paragraphs as if fully set forth herein.

32. Defendant through the Clinic, its subsidiary and its employees, owed Plaintiff a duty to provide that standard of care, skill, and treatment which in light of all relevant surrounding circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

33. Defendant, by and through the Clinic and Dr. Ky, breached this duty and deviated from the acceptable standard of medical care by rendering care and treatment that was below the standard of care including, without limitation, prescribing Bactrim or its

7

generic equivalent to Plaintiff after having known or should have known that Plaintiff was severely allergic to Bactrim, by failing to provide appropriate care, failing to provide proper and adequate medical attention, failing to send Plaintiff for further testing, failing to perform appropriate diagnostic tests in a timely manner, failing to exercise reasonable care for the well-being of the Plaintiff under the circumstances, failing to provide health care to the Plaintiff that met the minimum standard of care in the relevant medical community, failing to follow generally accepted medical and diagnostic standards, practices, and procedures, failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances, and in failing such particulars as may be discovered in the course of this litigation.

34.     As a direct and proximate result of the aforesaid breaches of the standard of care, the Plaintiff has, and will in the future, endured severe and grievous pain, suffering, humiliation embarrassment, permanent scarring and debilitating injuries, and damages; Plaintiff has undergone medical treatment and incurred medical bills and expenses, mental anguish, emotional distress, anxiety, and is expected to incur future medical expenses, pain and suffering.

35.     United States is vicariously liable for the deviations from the standard of care and negligence of the Clinic, Barnwell Family Medicine as its subsidiary, Dr. Ky, and all of its employees and agents by and through the Department of Health and Human Services, a federal agency.

WHEREFORE, Plaintiff demands judgment against the Defendant for such amount of actual and consequential damages as the Court may find, plus costs and disbursements of this action, and any other such relief this Court deems just and proper.

**FOR A SECOND CAUSE OF ACTION**
**NEGLIGENCE/GROSS NEGLIGENCE CLAIM**

8

36. The Plaintiffs re-allege the allegations set forth within paragraphs one (1) through thirty-five (35) as if repeated verbatim.

37. Upon information and belief, at the time of the incident, Dr. Mol Ky was an employee of Low Country Health Systems, Inc. (the "Clinic") in the Town of Fairfax, South Carolina, through its employees at its subsidiary, Barnwell Family Medicine (working at Barnwell Family Medicine) and acting within the scope of her employment at Barnwell Family Medicine.

38. This Defendant is strictly liable for the negligent/grossly negligent acts of its employees/servants, Barnwell Family Medidicine and its physicians to include Dr. Mol Ky, acting within the scope of her employment under the doctrine of Respondent Superior.

39. The above set forth medical care or lack thereof by the Defendant caused the Plaintiff Gladys Cave to suffer unnecessarily and as a direct and proximate result, the Plaintiff has been injured and damaged and is entitled to receive ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES.

## CERTIFICATE OF COUNSEL

Undersigned counsel certifies that a reasonable investigation gave rise to a good faith belief that grounds exist for an action against the Defendant named herein.

By:
    s/Lauren V. Knight
    Lauren V. Knight, Esquire
    Carter Elliott, Esquire
    Elliott and Phelan
    (Fed ID # 11760)
    117 Screven Street
    Georgetown, SC 29440
    (843) 546-0650
    lauren@elliottphelanlaw.com

        s/Carl B. Grant_____
Carl B. Grant, Esquire
(Fed ID #5676)
P.O. Box 1203
960 Doyle Street
Orangeburg, SC 29116
(803) 536-4011
(803) 536-4163 (fax)
 cbgforyou@yahoo.com

        - and -

The Law Office of Joshua Koger, Jr.
Joshua Koger, Esquire
(Fed ID # 6431)
P.O. Box 2445
1237 Gadsden Street, Suite G
Columbia, SC 29201
(803) 206-3389
kogerlaw@aol.com


ATTORNEYS FOR PLAINTIFF

Orangeburg, South Carolina
January 21, 2017